JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-Mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00643 DLJ |
|     Plaintiff, ) | STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |
| v. ) | |
| CHARLES A. PHILLIPS, ) | |
|     Defendant. ) | |

    Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate as follows:

    1.    On October 11, 2007, a federal grand jury indicted defendant for distribution of methamphetamine and maintaining a premises for the distribution of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), and 856, respectively.

    2.    The indictment in this case was based in part on evidence provided by a confidential informant. Specifically, the informant purchased methamphetamine from the defendant while wearing a covert audio/video recording device. Defendant has requested information related to the informant. In order to accommodate defendant's request for this information while protecting the safety of the informant, the government believes that the

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY

proposed protective order is necessary. This protective order will prevent confidential and personal information related to the informant from being disseminated among members of the public, as well as defendant, and his associates or family members. The government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm the confidential informant and/or the informant's family.

3. Defendant and his counsel agree that no inference should be drawn about defendant's dangerousness because of his agreement to enter into this stipulation.

4. The parties agree that the following conditions, if ordered by the Court pursuant to Federal Rule of Criminal Procedure 16(d)(1), should serve the government's interest in protecting the confidential informant and other members of the community and reducing the risk of retribution taken against the confidential informant and/or the informant's family by precluding the circulation of the confidential information throughout the community and/or the prison system, while permitting the defense to obtain the information. Accordingly, the parties jointly request that the Court order as follows:

   a. For purposes of this Order, the term "defense team" refers to: (1) William A. Welch, the counsel of record (including paralegals), for defendant; and (2) defense investigators assisting Mr. Welch with this case. Each member of the defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms. For purposes of this Order, the term "defense team" does not include defendant.

   b. The government is authorized to provide the defense team with discoverable information related to the informant and shall designate such discovery as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discoverable documents, items, and materials relating to confidential sources or other individuals who would be in danger if their identities were known, by marking such discovery as "CONFIDENTIAL" and shall produce such discovery in a binder marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY          2

    c. The defense team shall not permit anyone, <u>including defendant</u>, to have physical possession of Confidential Discovery pursuant to this Order other than members of the defense team.

    d. The defense team shall not divulge the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the defendant.  The defense team member may show Confidential Discovery to the defendant in the physical presence of a defense team member but may not permit the defendant to have physical possession of the Confidential Discovery.

    e. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal presence.

    f. The defense team shall not reproduce or photocopy the Confidential Discovery unless that copy or reproduction is to be included in a court filing.  In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.  Defendant may not be provided with a copy of such a filing.

    g. The defense team shall return all Confidential Discovery provided pursuant to this Order to the government no more than fourteen calendar days after the following event: dismissal of all charges against defendant; defendant's acquittal by court or jury; expiration of the time for the filing of a notice of appeal from conviction and/or sentence; or the conclusion of any direct appeal if one is filed, whichever occurs latest in time.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

    h. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case ("this case"), the government will maintain a copy of all Confidential Discovery produced in this case.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY   3

statutory time period for filing such a motion has expired, the government may destroy the documents.

IT IS SO STIPULATED.

DATE: April 4, 2008                                  Respectfully submitted,

                                                      JOSEPH P. RUSSONIELLO
United States Attorney

                                                      /s/ [1]
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/
WILLIAM A WELCH, ESQ.

Counsel for Charles A. Phillips

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.  The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: April 8, 2008

HONORABLE D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE

---

[1]  I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY    4